IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) | Crim. Case No. 1:13-cr-00004-AJT<br>Civil Action No. 1:16-cv-00657-AJT |
| STACY LORENZO REED, | ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court is Petitioner Stacy Lorenzo Reed's Motion to Reconsider the Court's August 30, 2019 Order [Doc. 78] ("Motion to Reconsider") denying and dismissing Mr. Reed's Motion to Vacate Conviction Under 28 U.S.C. § 2255 [Doc. 54] ("Motion to Vacate") (collectively, the "Motions"). For the reasons stated below, Mr. Reed's Motion to Reconsider is **GRANTED** and upon reconsideration, Mr. Reed's Motion to Vacate is **GRANTED** and his conviction and sentence as to Count II of the Indictment is **VACATED**.

### I. BACKGROUND

In its August 30, 2019 Order [Doc. 77], the Court recited the facts pertaining to Mr. Reed's conviction and sentencing, which are incorporated herein by reference. Briefly summarized with respect to the facts relevant to the Motions, on April 18, 2013, pursuant to a written Plea Agreement [Docs. 31, 32], Mr. Reed pleaded guilty to one count of conspiracy to commit Hobbs Act robbery ("Hobbs Act conspiracy"), in violation of 18 U.S.C. § 1951, and one count of using and carrying a firearm during and in relation to that conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Both Mr. Reed's Indictment [Doc. 16] and written Plea Agreement expressly stated that the predicate "crime of violence" underlying the § 924(c) count was the Hobbs Act conspiracy count to which Mr. Reed pleaded guilty. In addition to his Plea

Agreement, Mr. Reed also entered into a written Statement of Facts [Doc. 33], wherein he admitted, under penalty of perjury, to facts that would make him vicariously liable for his co-conspirators' discharging of a firearm during an attempted Hobbs Act robbery under *Pinkerton v. United States*, 328 U.S. 640 (1946). On April 18, 2013, this Court accepted Mr. Reed's plea of guilty and on July 19, 2013, this Court sentenced Mr. Reed to 150 months imprisonment as to count one and 120 months imprisonment as to count two, to run consecutive to count one, for a total of 270 months (or 22.5 years) imprisonment [Doc. 46].[1]

By Order dated August 30, 2019 [Doc. 77] ("August 30 Order"), the Court denied and dismissed Mr. Reed's Motion to Vacate solely on the ground that Mr. Reed could not excuse his procedural default under the cause and prejudice standard. The Court did not rule on or consider any claim of actual innocence. On September 4, 2019, Mr. Reed, through counsel, filed his Motion to Reconsider the Court's August 30 Order based solely on the Court's failure to rule on his claim of actual innocence. On October 25, 2019, the Court held a hearing on the Motion to Reconsider.[2]

---

[1] Although this was Mr. Reed's first conviction under 18 U.S.C. § 924(c), he was sentenced to a total of ten years, as opposed to five years, because the firearm was discharged during the crime. *See* 18 U.S.C. § 924(c)(1)(A)(iii) (proscribing a statutory mandatory minimum of ten years "if the firearm is discharged").

[2] On October 29, 2019, upon the Government's request, the Court issued an Order [Doc. 84] holding Defendant's Motion to Reconsider in abeyance for a period of thirty (30) days "while [the Government] discussed a possible negotiated resolution with Reed and his co-defendants [Tasheik Ashanti Champean and Reynard Lazaro Prather],"[2] *id*. at 8. On November 29, 2019, the 30-day abeyance period expired without a negotiated resolution. With respect to Mr. Reed's co-defendants, on October 25, 2019 the Court granted both Mr. Champean and Mr. Prather an extension of time (30 days) to appeal the Court's orders denying their respective petitions for habeas relief, *see* Case No. 1:11-cr-00541-AJT, [Doc. 64] (Prather); Case No. 1:12-cr-00191-AJT, [Doc. 112] (Champean), which both parties did. Their appeals have since been docketed with the Fourth Circuit.

## II. ANALYSIS

### A. Motion to Reconsider

Upon review of the filings, it appears, and the Government does not contest, that Mr. Reed did in fact contend that his procedural default should be excused, not only under the cause and prejudice standard, but also based on actual innocence. *See* [Doc. 75 at 2]. The Court will therefore grant Mr. Reed's Motion to Reconsider on the ground that the Court failed to address Mr. Reed's actual innocence claim.[3]

### B. Motion to Vacate

To excuse a procedural default by actual innocence, "a petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998). In this context, "'actual innocence' means factual innocence, not mere legal insufficiency." *Id*. at 623-24.

Section 924(c) forbids the use, carrying, or brandishing of a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A). It further defines a "crime of violence" as any felony offense that either (i) "has an element the use, attempted use, or threatened use of physical force against the person or property of another" or (ii) "by its nature . . . involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(A), (B). The first clause of this definition is known as the "force clause;" the second is known as the "residual clause."

In *Davis v. United States*, 139 S. Ct. 2319, 2336 (2019), the Supreme Court concluded that the residual clause, § 924(c)(3)(B), is unconstitutionally vague and therefore, any offenses

---

[3] Since Mr. Reed's Motion to Reconsider is limited to his actual innocence claim, the Court finds no basis to reconsider that portion of its August 30 Order dismissing the Motion to Vacate for Mr. Reed's failure to satisfy the cause and prejudice standard, *see* August 30 Order at 2-8; and the Court will not reconsider that portion of its August 30 Order.

defined as "crimes of violence" under that clause, such as Hobbs Act conspiracy, can no longer sustain a § 924(c) conviction. Separately, in *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir.) (en banc), *cert. denied*, 140 S. Ct. 304 (Oct. 7, 2019), the Fourth Circuit held that Hobbs Act conspiracy cannot qualify as a "crime of violence" under the force clause. Thus, following both *Davis* and *Simms*, Hobbs Act conspiracy can no longer serve as a valid predicate crime of violence offense under § 924(c).

Here, Hobbs Act conspiracy is the only predicate crime of violence named in the Indictment used to support Mr. Reed's § 924(c) conviction. Indictment at 5.[4] Therefore, given both *Davis* and *Simms*, Mr. Reed's § 924(c) conviction can no longer be sustained based on that predicate act—that is, he must be deemed "actually innocent" of a § 924(c) offense to the extent that offense solely depends on Hobbs Act conspiracy as the predicate crime of violence. *See United States v. Adams*, 814 F.3d 178, 184 (4th Cir. 2016) (discussed *infra*). The issue, therefore, is whether this Court can otherwise sustain Mr. Reed's § 924(c) conviction, and thereby find that he is not actually innocent of that offense, based on a different, qualifying predicate act.

The Government contends that the Court can. Specifically, the Government contends that the Court is not limited to the specific predicate act alleged in the Indictment but can rely upon any valid predicate act supported by the record, specifically attempted Hobbs Act robbery under a *Pinkerton* theory of liability, which is unalleged in the Indictment but established by the

---

[4] In relevant part, Count II specifically alleges:

> On or about May 17, 2010, in Fairfax County, Virginia, in the Eastern District of Virginia, STACY LORENZO REED, the defendant herein, did knowingly and unlawfully use and carry a firearm, to-wit: a semiautomatic pistol during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, *to-wit: conspiracy to interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951, as set forth in Count 1 of this indictment* . . .

Indictment at 5 (emphasis added).

facts admitted in Mr. Reed's sworn Statement of Facts entered into as part of his Plea Agreement. *See* [Doc. 81 at 6] (stating the Government's position "that the defendant is not actually innocent of violating § 924(c) because, even though his conspiracy predicate is no longer valid, his Statement of Facts makes clear that the government could simply have swapped out his conspiracy predicate with a substantive one….").[5] In support of this contention, the Government relies principally on *Bousley*'s pronouncement that to prove his actual innocence, a petitioner must show his actual innocence not only of the charged offense, but also of those more serious charges the Government decided not to pursue in the course of plea bargaining.[6]  *See Bousley*, 523 U.S. at 624.

Mr. Reed, in opposition, contends that *Bousley* never spoke to his situation; and this Court cannot sustain his § 924(c) conviction based on the predicate act of attempted Hobbs Act robbery since that offense was never charged or alleged in the Indictment or the Plea Agreement. [Doc. 78 at 2].  In other words, after *Davis* and *Simms*, Mr. Reed argues he is actually innocent

---

[5] The parties do not dispute that attempted Hobbs Act robbery qualifies as a valid predicate "crime of violence" under the force clause, 18 U.S.C. § 924(c)(3)(A). *See United States v. Smith*, 2019 U.S. Dist. LEXIS 69963, 2019 WL 1810983, at *4 (E.D. Va. Apr. 24, 2019) ("[A]ttempted Hobbs Act robbery is a valid crime of violence under the Force Clause because it invariably requires the actual, attempted, or threatened use of physical force.") (citing *United States v. St. Hubert*, 909 F.3d 335, 351 (11th Cir. 2018)); *see also United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (substantive Hobbs Act robbery offense is a crime of violence under § 924(c)'s force clause).

[6] In *Bousley,* the Supreme Court extended a petitioner's burden of proof of factual innocence only to "*more* serious charges" than those vacated. *Bousley*, 523 U.S. at 624 (emphasis added).  However, under the facts of that case, the Supreme Court did not analyze whether "carrying" a firearm in violation of § 924(c) was a more serious offense than "using" a firearm in violation of § 924(c) because "carrying" was never alleged in the indictment.  Although there is some debate today as to whether *Bousley* applies to both more serious and equally serious offenses, *see Caso*, 723 F.3d at 222 (commenting on *Bousley*'s lack of clarity on this issue), this Court has found no case within this Circuit that has applied the heightened proof requirement in *Bousley* to other possible predicate acts supporting the same § 924(c) offense, *see e.g.*, *Lyons v. Lee*, 316 F.3d 528, 533 n.5 (4th Cir. 2003); *Royer v. Wilson*, 68 F. Supp. 3d 571, 578-79 (E.D. Va. 2014) (stating rule as applicable in cases where Government has "forgone more serious charges"), and notes that courts in this Circuit have applied the *Bousley* exception strictly in the absence of clarity from the Fourth Circuit regarding with *Bousley* also applies to equally serious offenses, *see, e.g.*, *Brewington v. United States*, 2012 U.S. Dist. LEXIS 161225, at *7-9, 2012 WL 5463141 (E.D.N.C. Nov. 8, 2012). Given the Court's ruling on the Motion to Vacate, it is not necessary for the Court to decide that issue.

of his § 924(c) conviction as alleged in the Indictment and any criminal liability under § 924(c) may not be re-imposed based on a predicate offense not alleged in the Indictment.

Ultimately, the issue reduces to whether the Government is limited to the predicate act alleged in the Indictment to sustain Mr. Reed's § 924(c) conviction. Based on binding Fourth Circuit precedent, the Court concludes that, notwithstanding whatever admissions Mr. Reed made at his plea colloquy, Mr. Reed's § 924(c) conviction cannot be sustained based on a predicate act other than the predicate act alleged in the Indictment; and since the only predicate alleged in the indictment (Hobbs Act conspiracy) cannot, as a matter of law, sustain his § 924(c) conviction, he must be deemed actually innocent of that charge and re-sentenced as to Count I (Hobbs Act conspiracy).[7]

In *United States v. Randall*, 171 F.3d 195, 205 (4th Cir. 2003), two defendants, on direct appeal, challenged their § 924(c) convictions on the grounds that the Government had failed to prove an "essential element[]" of the charged § 924(c) offense, namely, the predicate drug trafficking offense alleged in the indictment. In *Randall*, the Government contended, as it does here, that the conviction could be sustained based on sufficient proof of any predicate act and was not required to prove the specific predicate offense alleged in the indictment, particularly since the Government is under no obligation to indict and convict a defendant on any specific predicate offense in order to sustain a § 924(c) charge. *See United States v. Crump*, 120 F.3d 462, 466 (4th Cir. 1997) ("In accordance with the views of all the circuits considering the question, we hold that a defendant's conviction under § 924(c)(1) does not depend on his being

---

[7] At the October 25, 2019 hearing, counsel for both Mr. Reed and the Government agreed that, should the Court grant the Motion to Vacate, the Court should resentence Mr. Reed *de novo* as to Count I. *See United States v. Blackman*, 2019 U.S. Dist. LEXIS 144634, at * 6 (E.D. Va. Aug. 6, 2019) (Brinkema, J.) (resentencing defendant as to the still-valid Hobbs Act conspiracy conviction after vacating defendant's § 924(c) conviction on collateral review).

convicted -- either previously or contemporaneously -- of the predicate offense, as long as all of the elements of that offense are proved and found beyond a reasonable doubt.") (citations omitted); *United States v. Carter*, 300 F.3d 415, 425 (4th Cir. 2002), *accord. United States v. Munoz-Fabela*, 896 F.2d 908, 911 (5th Cir. 1990) ("It is only the fact of the offense, and not a conviction, that is needed to establish the required predicate."). Relying on Supreme Court and other circuit court decisions,[8] the Fourth Circuit rejected that position and held that "the government was required to prove the elements of the charged § 924(c) predicate offense of distribution[]" and the Government's closing argument urging, and the district court's jury instructions authorizing, conviction based on evidence of an uncharged predicate offense (*i.e.*, possession with intent to distribute), which was not a lesser-included offense of the charged predicate, "modified an essential element—the § 924(c) predicate offense of distribution—[which] amounted to a constructive amendment of the [defendant's] October 11, 1995 § 924(c) charge . . . ." 171 F.3d at 208-09.[9] *Cf. United States v. Hopkins*, 310 F.3d 145, 152-53 (4th Cir.

---

[8] *See Stirone v. United States*, 361 U.S. 212, 215-16 (1960) (even though the Government could charge a substantive violation of the Hobbs Act, 18 U.S.C. § 1951, without specifying the type of commerce that was affected, if the Government did specify the type of commerce affected in the indictment, then it was not allowed to rely on proof that another type of commerce was burdened.); *United States v. Reyes*, 102 F.3d 1361, 1365 (5th Cir. 1996); *United States v. Willoughby*, 27 F.3d 263, 266 (7th Cir. 1994).

[9] Central to the Fourth Circuit's decision in *Randall* was whether the uncharged predicate offense relied upon by the Government at trial was in fact a separate offense, and not a lesser-included offense, that impermissibly modified the indictment. For that purpose, the Fourth Circuit "compare[d] the elements of the two predicate offenses [the charged distribution of a narcotic controlled substance and the uncharged possession with intent to distribute a narcotic controlled substance] to determine whether the two predicate offenses are different offenses, and thus whether two § 924(c) charges linked to the different predicate offenses, respectively, result in two different § 924(c) offenses." *Id.* at 209. The Fourth Circuit concluded that "possession with intent to distribute and distribution are necessarily two different offenses," the former was not a lesser-included offense of the latter, and therefore reversed the defendants' § 924(c) convictions. *Id.* (citing *Goodson v. United States*, 564 F.2d 1071, 1073 (4th Cir. 1977). Here, even though both offenses arise from the same statute, 18 U.S.C. § 1951(a), attempted Hobbs Act robbery and Hobbs Act conspiracy are two separate offenses, with different elements, and accordingly attempted Hobbs Act robbery is not a lesser-included offense of Hobbs Act conspiracy. *See Foote v. United States*, 2014 U.S. Dist. LEXIS 37998, at *19 (D. N.J. Mar. 24, 2014) (noting that it is well-settled that "[t]he offenses of attempt[] . . . and conspiracy have different elements. Conspiracy requires an agreement to commit an offense and an overt act, while attempt lacks the agreement element and requires an overt act beyond mere preparation.") (internal quotations

2002) (distinguishing, but essentially re-affirming, *Randall* in denying a defendant's direct appeal upon holding that even though the jury did not separately convict defendant on the predicate offense named in defendant's indictment (18 U.S.C. § 111(b)), defendant's § 924(c) conviction was still valid because "the evidence was more than sufficient for the jury to find a violation of each and every element [of § 111(b)]" and therefore, there was no constructive amendment of the defendant's indictment).

Although *Randall* reviewed a conviction on direct appeal, there is nothing in *Randall* that would suggest that the same reasoning would not apply to collateral habeas review, particularly since the ruling in *Randall* was anchored in defendants' well-established Sixth Amendment right to an indictment. Supporting this view is *United States v. Adams*, 814 F.3d 178 (4th Cir. 2016). In *Adams*, the Fourth Circuit vacated Adams's conviction under 18 U.S.C. § 922(g)(1) on collateral review because one of Adams's predicate felony convictions, necessary to prove that offense, was no longer valid under intervening Fourth Circuit case law. *Id.* at 184. As a consequence, the Fourth Circuit held that Adams "ha[d] shown that it is impossible for the government to prove one of the required elements of a § 922(g)(1) charge [as alleged in the indictment]—that the defendant was a convicted felon at the time of the offense." *Id*. at 183. As in *Adams*, intervening Supreme Court and Fourth Circuit case decisions make it legally impossible for the Government to sustain Mr. Reed's § 924(c) convicted based on one of the essential elements of that offense alleged in the Indictment, the predicate Hobbs Act conspiracy charge.

Nor can this Court ignore the pronouncements in *Randall* based on *Bousley*. While it is true that Mr. Reed made admissions at his Rule 11 plea colloquy that could support a substantive

---

and citations omitted). As such, the Government cannot rely on attempted Hobbs Act robbery as a lesser-included offense to Hobbs Act conspiracy.

8

attempted Hobbs Act offense under *Pinkerton*, those admissions pertain to an offense (attempted Hobbs Act robbery) for which he was never formally charged, as *Randall* requires. Moreover, in *Bousley*, the Supreme Court appears to embrace to a large extent the basic holding in *Randall*—that absent "record evidence" that other charges were not brought or dropped because of a plea agreement, the indictment governs which other offenses can be relied upon for the purposes of defeating a petitioner's claim of actual innocence. *Bousley*, 523 U.S. at 624 ("In this case, the Government maintains that petitioner must demonstrate that he is actually innocent of both 'using' and 'carrying' a firearm in violation of § 924(c)(1). But petitioner's indictment charged him only with 'using' firearms in violation of § 924(c)(1). And there is no record evidence that the Government elected not to charge petitioner with 'carrying' a firearm in exchange for his plea of guilty.") (emphasis added). *Cf. Royer*, 68 F. Supp. 3d at 579 (finding that petitioner could not overcome procedural default under the actual innocence gateway because he could not prove his factual innocence with respect to "14 counts in the superseding indictment [which] were dismissed in favor of the two-count criminal information to which [petitioner] pleaded guilty"). Here, Mr. Reed's indictment charged him with a violation of § 924(c) based only on a specifically alleged predicate act, Hobbs Act conspiracy, and there is no "record evidence" indicating that the Government dismissed or decided not to charge other possible predicate acts in exchange for his plea. In fact, Mr. Reed pleaded guilty to the only charges against him; and there is no evidence that in the absence of the Plea Agreement, the Government would have proceeded against Mr. Reed other than as indicted. There was, in other words, no evidence of a *quid pro quo*; and for this reason, the Government cannot rely on the *Bousley* exception.[10]

---

[10] Citing two out-of-circuit cases, *United States v. Caso*, 723 F.3d 215 (D.C. Cir. 2013) and *Lewis v. Peterson*, 329 F.3d 934 (7th Cir. 2003), the Government contends that it does not need to present record evidence that it actually forwent more serious charges against Mr. Reed to force him to prove his actual innocence based on other predicate acts that the record can now establish; and this fact alone is sufficient to defeat Mr. Reed's claim of actual

9

Based on *Davis* and *Simms*, Mr. Reed's § 924(c) conviction can no longer be sustained based on the predicate crime of violence, *to wit*, Hobbs Act conspiracy, the only predicate act alleged in the Indictment; and based on *Randall,* Mr. Reed's § 924(c) conviction cannot be sustained based on any uncharged predicate act. Mr. Reed has therefore made the requisite showing of actual innocence. Accordingly, Mr. Reed's conviction under Count II must be vacated and he must be resentenced *de novo*.

### III. CONCLUSION

For the above reasons, it is hereby

ORDERED that Stacy Lorenzo Reed's Motion to Reconsider [Doc. 78] be, and the same hereby is, **GRANTED**; and it is further

ORDERED that Stacy Lorenzo Reed's Motion to Vacate Conviction Under 28 U.S.C. § 2255 [Doc. 54] be, and the same hereby is, **GRANTED**; and the Judgment of Conviction entered on July 19, 2013 [Doc. 46] be, and the same hereby is, **VACATED** as to Count II; and it is further

ORDERED that a resentencing hearing on Count I of the Indictment is scheduled for **May 1, 2020 at 9:00 a.m.**, and that appropriate arrangements be made for Mr. Reed's presence at that time; and it is further

ORDERED that Pre-Trial Services and Probation prepare a supplemental pre-sentence report with respect to any pertinent information for the period since Mr. Reed's last sentencing.

---

innocence. [Doc. 81 at 4]. More specifically, the government contends with respect to the § 924(c) charge that if it can show, as it argues it has done here, that it "simply would have swapped out the invalid conspiracy predicate with a valid attempt predicate," the Court must deny Mr. Reed's actual innocence claim. *Id*. (citing *Caso*, 723 F.3d at 219 ("There is nothing strained about concluding that a prosecutor can forgo 'charges' either by dropping them after an indictment or by never bringing them at all.")). But there is nothing in this record that would support the claim that, had there not been a plea agreement, the Government would have proceeded to trial against Mr. Reed by way of a superseding indictment charging attempted Hobbs Act robbery or any other valid predicate act.

10

The Clerk is directed to forward copies of this Order to all counsel of record, the United States Probation Office, the Bureau of Prisons, and the United States Marshals Service.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia
February 28, 2020